UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTON A. ADAMS,

    Petitioner,

v.      Case No: 2:13-cv-192-FtM-29CM

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, and JOHN MORTON, Director of ICE,

    Respondents.

## ORDER OF DISMISSAL

This matter comes before the Court upon review of Respondent's Response (Doc. #7) and supporting exhibits (Doc. #7, pp. 17-39, Exhs. A-F); and Respondent's Motion to Dismiss the Petition as Moot and Notice of Final Order of Removal (Doc. #13, Motion) and supporting exhibit consisting of the order of removal and verification of removal form (Doc. #13-1).[1]  Petitioner has not

---

[1] Petitioner named several Respondents.  See Petition at 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given

filed a reply to Respondent's Motion, likely as a result of his removal from the United States. <u>See</u> docket. This matter is ripe for review.

## I.

Petitioner Alton Ali Adams, a citizen of Jamaica, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1, Petition), while detained at the Glades County Jail, on May 1, 2013.[2] Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[3] Petitioner submits that he is entitled to an individualized bond hearing and should not be mandatorily detained. Petition at 1-3. As relief, Petitioner seeks an

---

prisoner's habeas petition." <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" <u>Id.</u> at 435-436. In this case, the Glades County Sheriff, Stuart Whiddon, was Petitioner's immediate custodian considering Petitioner was held at the Glades County Jail. All other named Respondents will be dismissed from this action.

[2] The Petition references a memorandum of law, but no memorandum is attached.

[3] The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in <u>Demore v. United States</u>, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). <u>Demore</u>, 538 U.S. 510, 517 (2003).

individualized bond hearing and any other relief deemed appropriate by the Court. Id. at 5.

Respondent filed a Response opposing the Petition in its entirety. See Response. Respondent also filed a Motion to Dismiss the Petition as moot and attached supporting exhibits including verification of removal form. Respondent contends that Adams was properly subject to mandatory detention under 8 U.S.C. § 1226(c) pending deportation because he committed crimes subjecting him to the provisions of this statute, i.e., grand theft. Response at 6-7. Additionally, Respondent contends that the Petition is now due to be dismissed as moot because Adams has been removed from the United States. See Motion.

**II.**

The uncontested factual history set forth in Respondent's Response is as follows: Petitioner, a native and citizen from Jamaica, entered the United States as a visitor in 1995. On March 13, 1996, INS adjusted Adams' status to that of lawful permanent resident.

On August 6, 1996, Adams was convicted of possession of marijuana, obstructing a police officer, and possession of an open container of alcoholic beverage, in violation of Florida Statutes §§ 31-31, 14-14, and 316.1936, respectively, for which a fine was imposed. On December 19, 1996, Adams was convicted of possession of cannabis and carrying a concealed weapon, in violation of

Florida Statutes §§ 093.136B and 790.01, for which a fine was imposed. Adams was convicted again on February 2, 2007, for the offense of grand theft in the third degree, in violation of Florida Statute § 812.014(2). He was sentenced to two days imprisonment.

ICE officers arrested and detained Adams on May 9, 2012. On the same day, ICE served Adams with a Notice to Appear ("NTA"), charging him with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of, or who admits having committed, a crime involving moral turpitude, and 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of, or who admits having committed, any controlled substance violation.

On May 14, 2012, DHS initiated removal proceedings by filing the NTA with the Miami, Florida Immigration court. On April 10, 2013, the immigration judge found Adams removable as charged and ineligible or any relief from removal, and ordered Adams removal to Jamaica. As of the date the Respondent was filed, Adams appeal was not due. Adams either did not pursue an appeal, or the Board of Immigration Appeals affirmed the immigration judge's decision. On October 4, 2013, DHS removed Petitioner to Jamaica pursuant to the final order of removal from the Board of Immigration Appeals.

**III.**

Petitioner does not contest that his criminal convictions subjected him to deportation under the INA. See Petition. Thus,

Moncrieffe v. Holder, ___ U.S. ___, 133 S. Ct. 1678 (2013) is not applicable here. Id. (holding that if a non-citizen's conviction for a marijuana offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, it is not an aggravated felony under the INA). Nor, does the Petition challenge Petitioner's removal proceedings. See Lopez v. Gonzales, 549 U.S. 47 (2006) (finding that removal of an alien from the United States will not moot a challenge to the removal proceeding). In October 2013, Petitioner was removed from the United States. See Motion at 1.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, ___ U.S. ___, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ___ U.S. ___, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted). Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Adams has left the United States. See Motion; Exh. A. To the extent Adams sought an

individualized bond hearing, and/or release from his confinement pending deportation, the Court can no longer give him any meaningful relief.  See Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release from a lengthy detention pending removal because the alien had been returned to his native country). Since Adams has removed from the United States, it is impossible for the court to grant any effective relief, and therefore the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Respondents Marc Moore, Anthony Aiello, Eric Holder, and Janet Napolitano, are **DISMISSED**.

2.  Respondent's Motion to Dismiss (Doc. #13) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___18th___ day of November, 2015.

                                                                    _____
                                                                    JOHN E. STEELE
                                                                    SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record